# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID LAMONT MORGAN,  Plaintiff,  v.  JERRY L. TOMLINSON, et al.,  Defendants. | Case No. 12-CIV-379-RAW |

**ORDER**

Before the court is the Motion to Dismiss of Defendant Durant Daily Democrat Newspaper Co. ("Newspaper") [Docket No. 59].[1] This case was filed on September 7, 2012 alleging violations of Plaintiff's civil rights. The case was transferred to this court on April 18, 2013.

Plaintiff is proceeding *pro se* in this matter. The court construes liberally the pleadings of all pro se litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court cannot act as a pro se litigant's counsel. *See, Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). ("... the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record.") *Id,* 840.

---

[1] Durant Daily Democrat Newspaper Co. is owned and operated by Heartland Publications, L.L.C.

**Statute of Limitations**

Newspaper asserts that this matter is time-barred as a matter of law. Plaintiff fails to address this issue in his response [Docket No. 65].

Newspaper published an article regarding Plaintiff on September 2, 2011. Any lawsuit for defamation must be brought within one year after the cause of action accrued. *See* Oklahoma Statutes, Title 12, Section 95 (an action must be brought within one year for "an action for libel, slander, ...."). Plaintiff filed this case on September 7, 2012. Generally, a libel action accrues for statute of limitations purposes on the date of publication. *Digital Design v. Information Builders*, 24 P.3d 834, 839 (Okla. 2001). Therefore, Plaintiff's claim against Newspaper is barred by the statute of limitations.

**Defamation**

Plaintiff must allege the following regarding a claim for defamation: (1) defendant made a false and defamatory statement concerning plaintiff; (2) defendant made an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher, and (4) that plaintiff suffered actual harm to his reputation as a result of the false statement in the article. *Peterson v. Grisham*, 594 F.3d 723, 728 (10th Cir. 2010).

The court has reviewed the newspaper article in question. It clearly states throughout the article that Newspaper was quoting the affidavit by a Durant Police department member. Plaintiff's argument against Newspaper is that they published the article "before I was proven guilty." Plaintiff's claim against Newspaper fails as a matter of law.

## Conclusion

For the reasons stated above, the Motion to Dismiss of Defendant Durant Daily Democrat Newspaper Co. [Docket No. 59] is GRANTED.

Dated this 2nd day of May, 2013.


**Dated this 2nd day of May, 2013.**

*Ronald A. White* (signature)

Ronald A. White
United States District Judge
Eastern District of Oklahoma